IN THE CIRCUIT COURT
OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

**THOMAS M. WILLIAMS,**

    Plaintiff,

v.                        CASE NO.:

**HARRIS SANITATION, INC.**

    Defendant.

_____/

## COMPLAINT

Plaintiff, Thomas H. Williams by and through undersigned counsel, sues Defendant, Harris Sanitation, Inc., and alleges as follows:

1. This is an action for damages that exceed $30,000.00, exclusive of costs, interest, and attorney's fees.

2. The unlawful employment practices alleged below were committed within Brevard County, Florida.

3. Plaintiff resides in Brevard County, Florida, and has at all times material herein resided in Brevard County, Florida.

4. Defendant, Harris Sanitation, Inc., is a Florida profit corporation, and at all times material herein was registered and authorized to do business in the State of Florida.

5. At all times relevant to the allegations contained herein, Plaintiff was employed by Defendant, in Brevard County, Florida.

6. Plaintiff has retained the undersigned attorney and agreed to pay a reasonable fee.

7. Plaintiff worked for Defendant from approximately June 2016, until June 2021.

8. At all times during his employment with Defendant, Plaintiff performed all duties assigned to him in a professionally competent manner, faithfully followed all instructions given to him by his supervisors, and abided by all the rules and regulations of Defendant.

9. Plaintiff has suffered damage to his financial welfare by reason of Defendant's unlawful, willful and discriminatory actions against Plaintiff.

## Count I
## Violation of Fair Labor Standards Act
## Failure to Pay Overtime Wages

10. Plaintiff alleges a claim for unpaid overtime against Defendant Harris Sanitation, Inc. for damages.

11. This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et. seq.), hereinafter "FLSA", to recover unpaid back wages for overtime, and an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

12. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 2 through 9.

13. Jurisdiction of this action is conferred upon this Court by Section 16(b) of the FLSA (29 USC § 216(b)).

14. At all times hereinafter mentioned, Defendant was engaged in related activities performed through unified operation or common control for a common business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level, therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the FLSA (29 USC § 203(r) and (s)).

15. During the period from approximately September 2018, until June 2021, Defendant willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate him for his employment in excess of 40 hours per week at a rate of at least one and one-half (1½) times the regular rate at which he was employed, contrary to the requirements of Section 7 of the FLSA (29 USC § 207).

16. The Defendant was aware that Plaintiff worked overtime in excess of 40 hours per week and Defendant willfully refused to properly compensate Plaintiff for the hours that Plaintiff worked overtime for Defendant.

17. During the period from approximately September 2018 to June 2021, Plaintiff was scheduled to work more than 40 hours per week and worked more than 40 hours per week but he was only paid for 40 hours per week.

18. Plaintiff was initially hired by Defendant in June 2016 as a Mechanic and he was paid on an hourly basis. As a Mechanic, Plaintiff was paid overtime when he worked more than 40 hours per week.

19. As a Mechanic, Plaintiff repaired trucks and he worked with new mechanics, who shadowed him for their training, and assisted other mechanics in diagnosing and making repairs.

20. In approximately June 2017, Plaintiff became a Lead Mechanic and he was paid on an hourly basis. As a Lead Mechanic, Plaintiff was paid overtime when he worked more than 40 hours per week.

21. As a Lead Mechanic, Plaintiff repaired trucks and he worked with new mechanics, who shadowed him for their training, and assisted other mechanics in diagnosing and making repairs, and he assigned work to the other mechanics.

22. In the summer of 2018, Plaintiff became a Supervisor and he was paid on a salary basis, even though Plaintiff continued to perform the duties of a Lead Mechanic. As a Supervisor, Plaintiff was no longer paid overtime when he worked more than 40 hours per week.

23. As a Supervisor, Plaintiff repaired trucks and he worked with new mechanics, who shadowed him for their training, and assisted other mechanics in diagnosing and making repairs, and he assigned work to the other mechanics.

24. After Plaintiff was promoted to the Supervisor position, he was the only person on second shift, who was brake certified. Plaintiff either performed all

the wheel and brake repairs until he was able to train another mechanic, or he buddy checked other mechanics until they gained enough experience to get brake certified. On average Plaintiff performed five to ten buddy checks on wheel installations each night, which included hands on and visual inspections.

25. When Plaintiff was a salaried supervisor on second shift, Plaintiff performed the same duties as the Lead Mechanic on the first shift, who was paid on an hourly basis. The Lead Mechanic on the first shift was also paid overtime when he worked more than 40 hours per week.

26. After Plaintiff left his employment as a salaried Supervisor, a Lead Mechanic took over the duties that Plaintiff had performed as a Supervisor. The Lead Mechanic was paid on an hourly basis and the Lead Mechanic was also paid overtime when he worked more than 40 hours per week.

27. Several salaried supervisors located at Defendant's other locations in Florida that were supervising mechanics were paid on a salary basis, and also received additional benefits such as a company cell phone, a company laptop, and either a company vehicle or compensation for travel in lieu of being issued a company vehicle, that Plaintiff did not receive as a supervisor. Plaintiff was not reimbursed or compensated for travel in his own vehicle when he was a supervisor and he had to travel to pick up parts from another location. Plaintiff had to use his personal cell phone for business calls if he was not at the facility.

28. The supervisors in other locations did not perform mechanic duties, such as repairing trucks, which Plaintiff performed when he was a supervisor.

29. As a supervisor, Plaintiff was instructed by management to stay at the facility until the last mechanic left, even though supervisors at other facilities did not have to stay until the last mechanic left.

30. The Defendant was aware of the amount of time Plaintiff worked and Defendant willfully refused to properly compensate Plaintiff for the hours that Plaintiff worked overtime for Defendant.

31. Defendant is liable to Plaintiff for liquidated damages in an amount equal to Plaintiff's unpaid overtime, for a willful violation of the FLSA.

WHEREFORE, Plaintiff demands Judgment against Defendant as follows:

A. Compensation for unpaid overtime and an additional equal amount as liquidated damages.

B. Prejudgment interest in the event liquidated damages are not awarded.

C. An award of reasonable attorney's fees and all costs incurred herein.

D. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 10th day of September, 2021.

                                        /s/Adrienne E. Trent
                                        Adrienne E. Trent, Esquire
                                        Florida Bar No. 0060119
                                        Attorney for Plaintiff
                                        Adrienne E. Trent, P.A.
                                        836 Executive Lane, Suite 120
                                        Rockledge, Florida 32955
                                        Phone: (321) 610-2123
                                        Fax: (866) 806-3627
                                        attorneytrent@cfl.rr.com