UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS M. WILLIAMS,

        Plaintiff,

v.                                             Case No: 6:21-cv-1906-WWB-EJK

HARRIS SANITATION, INC.,

        Defendant.

### ORDER

This cause comes before the Court on Plaintiff's Motion for Protective Order and Quash Subpoenas (the "Motion"), filed March 21, 2023. (Doc. 38.) Defendant responded in opposition on March 27, 2023. (Doc. 39.) Upon consideration, the Motion is due to be granted in part and denied in part.

Defendant seeks Plaintiff's email and cell phone records from September 21, 2018, to June 4, 2021, the time period for which Plaintiff is seeking unpaid overtime wages under the FLSA. (Doc. 38-1.) Defendant represents that the subpoenas do not seek the content of Plaintiff's phone calls, text messages, or emails. (Doc. 39 at 2.) Instead, they seek GPS data reflecting Plaintiff's precise location, which Defendant contends might reveal times when Plaintiff was not working. (*Id.* at 1.) Because there are no records as to the hours Plaintiff worked, Defendant states that the phone and email records are relevant and proportional to Plaintiff's claims for damages. (*Id.*)

Plaintiff asserts that the subpoena is irrelevant, too speculative, not proportional or reasonable to the needs of this case, an invasion of privacy, and overbroad. (Doc. 38 at 2.) Specifically, Plaintiff notes that the requested records will not "necessarily show dates and times that Plaintiff was engaged in non-work activities during working hours . . . since Plaintiff utilized his personal cell phone and personal email for work purposes during working hours." (*Id.*) Based on Plaintiff's privacy interest, he requests the Court issue a protective order and quash Defendant's subpoenas. (*Id.*)

Ultimately, the Court does not find that good cause exists for a protective order. Courts construe relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Further, this District, when deciding whether "good cause" exists for a protective order, balances the non-moving party's interest in receiving the documents against the moving party's interest in keeping the information confidential. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, 2:15-cv-311-FtM-29CM, 2015 WL 9031929, at *4 (M.D. Fla. Dec. 16, 2015). Upon consideration of the arguments, the Court finds that the requested records are relevant to Plaintiff's claims, and Defendant's interest in receiving these records outweighs Plaintiff's interest in keeping them confidential. However, the Court will explicitly limit the subpoena to exclude the content of any calls or text messages.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Protective Order and Quash Subpoenas (Doc. 38) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that the subpoena recipients shall not disclose the content of any calls or text messages. The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE